IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CORDERRAL JOHN SMITH | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-390 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Corderral John Smith, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

Petitioner is challenging a 2010 conviction for capital murder in CR28321 in the 253rd Judicial District Court of Liberty County, Texas. As a result of the conviction, petitioner was sentenced to life imprisonment without parole. Petitioner previously filed a petition for writ of habeas corpus challenging the same conviction which was dismissed. *Smith v. Director, TDCJ-CID*, 1:17cv373 (E.D. Tex. July 22, 2020). Petitioner did not seek permission to file a certificate of appealability with the Fifth Circuit Court of Appeals.

Analysis

Petitioner has already sought habeas corpus relief concerning this conviction and sentence. Title 28 U.S.C. § 2244(b) provides the procedure for dealing with second or successive petitions for writ of habeas corpus filed by a state prisoner under 28 U.S.C. § 2254. Section 2244(b) requires individuals who seek to file a second or successive habeas corpus petition to obtain leave of the appropriate court of appeals for an order authorizing the district court to consider such a second or

successive application. Title 28 U.S.C. § 2244(b)(3) reads, in part, as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C. § 2244(b)(3). In addition, the amendments require that the court dismiss a claim presented in a second or successive habeas corpus petition if that claim was presented in a prior habeas application.

Petitioner has already filed a previous writ of habeas corpus attacking the same conviction and sentence. Furthermore, it would appear petitioner has not requested permission to file a second or successive habeas application from the Fifth Circuit Court of Appeals. Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless a three-judge panel of the United States Court of Appeals for the Fifth Circuit has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam); *see also Crone v Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition). Therefore, the petition should be dismissed without prejudice to the right to re-file if petitioner obtains the necessary permission from the Fifth Circuit Court of Appeals. The court further notes that petitioner is barred by the one year statute of limitations imposed by 28 U.S.C. § 2244(d).

## Recommendation

The above-styled petition should be dismissed without prejudice for lack of jurisdiction as successive.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Serv. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 22nd day of September, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE