| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| CORDERRAL JOHN SMITH, | § |
| | § |
| Petitioner, | § |
| | § |
| versus | §   CIVIL ACTION NO. 1:22-CV-390 |
| | § |
| DIRECTOR, TDCJ-CID, | § |
| | § |
| Respondent. | § |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Corderral John Smith, an inmate confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this petition be dismissed without prejudice for lack of jurisdiction as successive (#4). The magistrate judge noted it appeared Petitioner failed to request permission from the Fifth Circuit Court of Appeals to file a second or successive habeas application and that the petition is barred by the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). *Id*.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation (#5). This requires a *de*

*novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).

Petitioner concedes in his Objections that he did not seek permission from the Fifth Circuit Court of Appeals to file a second or successive petition.  His objections relate to the court dismissing the petition outright, rather than transferring the petition to the Fifth Circuit Court of Appeals for consideration.  This court can find no error in the determination of the magistrate judge.  Regardless, this court will transfer the petition to the Fifth Circuit Court of Appeals for consideration as requested.

Petitioner also objects to the magistrate judge's finding that this petition is time-barred. Petitioner states, "Petitioner also objects to the finding on page 2 that petitioner is barred by the AEDPA statute of limitations as petitioner asserts that the facts underlying his claims were not previously discoverable until less than one year prior to filing." Objections, pg. 1 (#5).  This objection is overruled.  Petitioner offers no explanation as to how the factual predicate of these claims was not known to him, or at least was not discoverable through the exercise of due diligence, more than one year before this filing.

## ORDER

Accordingly, the objections of the plaintiff are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.**  A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations, with instruction to the Clerk of Court to transfer the petition to the Fifth Circuit Court of Appeals for consideration under 28 U.S.C. § 2244(b).

Furthermore, the Court is of the opinion Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires Petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, Petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor Petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 11th day of April, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE